IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLINTON BROOKS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MATT JENKINS, in official and personal Capacities; and LAW OFFICES OF DEMARS, GORDON-OLSON ZALEWSKI, <br><br> Defendants. | 4:17CV3013 <br><br> **MEMORANDUM AND ORDER** |

     Plaintiff filed a Complaint on January 30, 2017. (Filing No. 1.) He was given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

     Plaintiff alleges that he previously accompanied a family member ("Mark") to a child support hearing. (Filing No. 1 at CM/ECF p. 1.) Prior to the hearing, they met with Mark's attorney, Defendant Matt Jenkins. (*Id*.) Plaintiff alleges that Jenkins became upset when Plaintiff disagreed with his advice that Mark should accept a "purge" plan in the case. (*Id*. at CM/ECF pp. 1-2.)

     Plaintiff was later convicted in Lancaster County District Court of theft by deception and unauthorized practice of law on facts unrelated to Plaintiff's allegations. *See State v. Brooks*, 873 N.W.2d 460, 469 (Neb. App. 2016). In imposing Plaintiff's sentences, the state district court considered letters from two attorneys about Plaintiff giving legal advice on other occasions. *Id*. at 480-81. The

first attorney asserted that his client brought Plaintiff to a private meeting between the attorney and his client, where Plaintiff encouraged his client to go to trial contrary to the attorney's advice to his client. *Id*. The state district court sentenced Plaintiff to consecutive terms of 15 to 35 months' imprisonment on the theft conviction and 3 to 3 months' imprisonment on the unauthorized practice of law. *Id*.

Plaintiff appealed his convictions and sentences to the Nebraska Court of Appeals. The court found that the trial court committed plain error by erroneously instructing the jury that it could base its guilty verdict for unauthorized practice of law on Plaintiff's conduct that occurred outside the statute of limitations. *Id*. at 475-77. It, therefore, reversed Plaintiff's conviction for unauthorized practice of law and remanded for a new trial on that charge. *Id*. at 477-78. In doing so, the court determined that there was sufficient evidence adduced at trial to sustain Plaintiff's conviction and, further, his conduct that occurred outside the statute of limitations would be admissible at a new trial to provide "necessary context" to his unauthorized practice of law occurring with the limitations period. *Id*.

Plaintiff alleges that Jenkins, while employed at the law offices of Defendant Demars, Gordon-Olson Zalewski, violated "his constitutional rights, 1st, 4th 6th amendments. Sought to have plaintiff maliciously prosecuted to the fullest extend of the law by sending emailing to sentencing judge out of anger." (Filing No. 1 at CM/ECF p. 2.) He seeks 5 million dollars. (*Id*. at CM/ECF p. 3.)

## II. DISCUSSION

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). Based upon the decision of the Nebraska Court of Appeals, the evidence was sufficient to find that Plaintiff committed the offense of unauthorized practice of law. His conviction was reversed because of an improper jury instruction, not because he did not do it. Moreover, Jenkins nor his law firm had anything to do with Plaintiff's prosecution.

The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court finds that Plaintiff's claim is frivolous and his Complaint fails to state a claim upon which relief may be granted. The court will not allow Plaintiff to amend his Complaint because amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice.

2. The court will enter judgment in a separate document.

Dated this 30th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge